And we'll move on to our final argument of the day. Health Freedom Defense Fund v. Carvalho, Case No. 22-55908. I'm sorry about that. I'm trying to destroy your courtroom here. No, it's survived lots worse. Good morning. May it please the Court, I'm John Howard, and I represent hundreds of employees of the Los Angeles Unified School District who lost their jobs and their pensions and their careers and their very futures because the Los Angeles Unified School District adopted an arbitrary and capricious policy, forcing them to get injected with a foreign substance that they believed would not work and they feared might harm them. Now, the briefing we have done here has centered largely... I mean, just to set the table, you've got a substantive due process claim, an Equal Protection Clause claim. You don't have some of the other claims that we've been talking about today as far as, like, First Amendment free speech or First Amendment free exercise. Correct. Okay. Yeah. The briefing's been consumed mostly with discussing the test to apply in analyzing the rule, but the issue really is not so much the test to apply. Okay. Can I just, I mean, as far as the review that we would be giving under both substantive due process and Equal Protection Clause, tell me why rational basis scrutiny doesn't apply to both of those claims. Well, rational basis scrutiny does apply in the Equal Protection, but not in the substantive due process. Oh, you agree it's rational basis in Equal Protection then? Yes. Okay. Yeah. But not in the substantive due process. Why not in substantive due process? Well, because the Ninth Circuit, with an extremely detailed opinion by Judge Reinhart, indicated that there's a balancing test that is a different test. Judge Reinhart, in the Compassion in Dying case, analyzed all of the levels of scrutiny. Compassion in Dying was overruled by Glucksberg. Yes, it was overruled by Glucksberg, but not its ruling, not its reasoning. What the Glucksberg court did, what the Supreme Court did, was say let's narrow what the scope is here that you're discussing. It isn't whether or not you have a right to die. It's whether or not you have a right to have help dying. That's what limited it, so it made it a very, very different decision. And, by the way, in Glucksberg, if you take a look at Glucksberg, the court actually did precisely the same kind of balancing as Judge Reinhart in the Ninth Circuit did in the Compassion in Dying case. So the Compassion in Dying case is good for a couple of reasons. It gives you an intellectual framework, and it gives you what I consider to be a dispositive analysis of the three levels of scrutiny, and comes to the conclusion that a weighing is more important. But the question really is before we get there, if I may, before we get there is regardless of the test that you're going to use, regardless of that, when a liberty interest is involved and is at risk, can a decision be made as to whether or not a rule is arbitrary and capricious without having the opportunity to develop facts? Because that's a fact-intensive inquiry, whether or not the rulemaking was arbitrary and capricious, whether or not the LAUSD had done the study it needed to do to take the testimony it needed to have to the fact review it needed to do to not be enacting something that did not address the problem or even define the problem. I'm sorry, Your Honor. No, no. I always want lawyers to finish their statement. Is this policy still in effect? Yes. The vaccine mandate policy of the Los Angeles Unified School District is still in effect? Yes. We had expected actually there were rumors that it was going to be rescinded, but it hasn't been. Interesting. Okay. Thank you. We're still ripe here. A rule that's arbitrary and capricious, as we've alleged, is such an intense factual so intensely factually driven that it really needs to have discovery. We need to find out what they did, why they did it, and how they did it. I guess I don't understand why this wouldn't be controlled by Jacobson in the same way. I mean, I don't understand what facts you think you're going to discover that is going to put this outside of Jacobson. Well, you know, interestingly enough, Your Honor, I pulled up Jacobson for just that reason. The Jacobson court even says, before closing the opinion we deem it appropriate in order to prevent misapprehension as to our views, to observe perhaps a repeat of thought already sufficiently expressed, that the police powers of the state, whether exercised directly or by the legislature or by a local body acting under its authority, may be asserted in such circumstances or by regulations so arbitrary and oppression in particular cases as to justify the inference of the courts to prevent a wrong. So, in other words, the Jacobson – What takes you out of that in this case? What are the allegations that – What I'm saying is we have alleged that the rulemaking and the rule adoption was arbitrary and capricious. Jacobson says if it is – Okay. I know you've alleged that, but clearly we can't just say that anybody who alleged – that's a bare assertion. What are the allegations that you've made that this was arbitrary? The allegations we've made is that they did not do any review or any study or take any testimony or spend any time, actually. They reflexively said, oh, my gosh, we have a crisis. Therefore, we must do something. And instead of doing something that was based on facts and based on testimony and based on the receipt of evidence, the LAUSD board simply knee-jerk said, we're going to tell everybody they've got to get vaccinated, and they adopted that policy. That's quintessentially arbitrary and capricious. So it's not that they reached the conclusion, but how they reached the conclusion. That seems more like a procedural due process claim than a substantive due process claim. Well, I'm getting to the due process part of it. What I'm saying, though, is that we have the right to contest whether or not what they did was arbitrary and capricious, regardless of the test, whether it's strict scrutiny, intermediate scrutiny, rational basis, or as we're saying, balancing. Oh, you think the arbitrary and capricious takes you out of the tiers of scrutiny. That's a separate... I say it applies in all, regardless of the tier of scrutiny. That's my point. And my point is that, therefore, this case should be sent back for that fact of element so we can do discovery, so we can find out what they did. You know what, they may win. It may turn out after we've done all the discovery and we've seen what they've done and we've interviewed them, taken depositions. Well, but the problem is you have to have a viable cause of action. Correct. And the way you seem to be trying to get out of Jacobson is latching on to what you perceive to be an arbitrary and capricious exception to Jacobson. And so you have to have allegations. You don't just get to go blindly pursue that. So what are your allegations? Your allegations are just that they just adopted it. They didn't do a hearing. They didn't do any kind of study, take any kind of testimony review, any kind of reports. They did nothing. But I'm not trying to take Jacobson out of the picture that way. I'm saying Jacobson, first of all, sustains our position for a balancing test, number one. Number two, Jacobson, I heard said in here, was an absolute mandate that there was no choice. No, there was a choice. He paid $5. That was his choice. As one of the other counsels said, my clients would be happy to have paid $5 to not get to them. He also had a criminal conviction. I mean, the only penalty was a fine, which, you know, today would be about $140. But he still had a criminal conviction. Only because he didn't pay the five bucks. No, $5 was the penalty. That was the penalty for not getting the vaccine. You're right, Your Honor. And so Jacobson, and by the way, Justice Gorsuch, I think Madel didn't make short work of Jacobson, but certainly did cast some doubt in Jacobson in the Archdiocese of and he said, well, the courts have been really saying this, interpreting this way too broadly. It's not nearly as broad as the courts have been saying. He didn't say that in context of the substantive due process claim, I thought. I thought he said that in – What he was basically saying was Jacobson is not an absolute thing that says you don't have to do anything except declare a state of emergency, and that's the point. Jacobson does not simply say declare a state of emergency. We have no evidence. Justice Gorsuch, I think, said Jacobson still stands for the proposition of rational basis review. And I don't know if that was in the Archdiocese case or in the Pentecostal case in California, and I apologize for that, Your Honor. I don't know which case he said that in, but he did say that Jacobson had been too broadly interpreted. So while I'm – and, by the way, I know that Jacobson has become something of a mantra for people who believe that it's an absolute guarantee that government at any time it feels like it can declare a state of emergency without any evidence that there is one. I'm not saying there isn't in this situation.  If it is interpreted that absolutely. What I'm saying is that Jacobson – that there's a whole lot of jurisprudence, due process, equal protection, right-to-privacy jurisprudence that's flowed under the bridge since Jacobson was decided over 100 years ago. So giving it that kind of power in the face of Kruzan, in the face of Glucksburg, in the face of Compassion in Dying, I think probably gives it a little bit too much credit for vitality. We – I think my central point is really that we – and let me go back to that for a second, I'm sorry. In the Compassion in Dying case, Judge Reinhart, and their case after case after case, says that bodily integrity is a central right. It is a central right for people to not have things injected into their bodies. Roach versus California, Washington versus Harper, Kruzan, all of those make it very clear. And there's no principled reason at all to say that in those cases the involuntary injection of something into someone's body against their will is somehow different than saying you're going to lose your job unless you get injected by this vaccine. I see I have three minutes, and I'd like to reserve. Perfect. Thank you. I'm sorry. No, you're just fine. All right. Is it true that the vaccination requirement is still in effect? Yes, Your Honor. Interesting. Is there anywhere else in the country where that's still the case? I don't know, Your Honor. Now, is the – would the vaccine mandate that is currently in place be satisfied by just having the initial two-shot sequence back in 2020 or 2021? Yes. And with nothing further since then? No boosters is my understanding. Okay. So there's no booster required. Exactly. Okay. May it please the Court, I'm Connie Michaels from the Littler Mendelsohn Law Firm, and I represent the superintendent, chief human resource officer, and board members of the Los Angeles Unified School District, which is, in fact, a public school district. It is the second largest in the country. It's our position that this case is absolutely controlled by Jacobson and the many, many, many cases after it that have dealt with vaccine mandates and COVID-related restrictions. Everyone from Biden versus Missouri. Let me address the concern I have about this case, which I think is unique among all the cases we have this morning. Certainly, Your Honor. And that is the breadth of Judge Fischer's decision because as far as I'm aware, this is the only decision that holds that under Jacobson, it doesn't matter if the vaccine does not prevent transmission of the disease because she addressed that concern, and she said plaintiff's reliance on this distinction is misplaced. Jacobson does not require that a vaccine have the specific purpose of preventing disease, and then she just upheld it as essentially as mandatory medical treatment, but that seems not Jacobson, and it does seem to be Glucksberg. And so this rationale in this decision seems to me to be clearly wrong. Tell me why you disagree. I do disagree, Your Honor, for a number of reasons. The cases that have been relied upon by opposing counsel, these bodily integrity cases deal with situations where the forced medical procedure involves literally injecting people and other types of treatment and the like. Here, we're dealing with a condition of employment. It has long been a condition of employment, LA Unified. But do you agree that it's legally irrelevant whether or not the vaccines prevent transmission? I believe that under the current state of the law, courts have not made that distinction in the sense that it's made a difference. That's not Jacobson because Jacobson rests on the principle of vaccination as a means to prevent the spread of smallpox. The whole rationale, and you go to the concluding part of Justice Harlan's opinion, is this idea that you're going to defy the mandate and infect others. That's the whole scenario of Jacobson. But you're coming here and saying, no, we have a right to condition employment on you conducting your medical treatment the way we like. That's not Jacobson. That's something really different. Your Honor, similar arguments have been asserted in other cases around the country. But have they been adopted by any other court? No, I didn't find any other court that adopted the medical treatment type concern. Let me ask you this. I mean, you don't need that broad of an interpretation of Jacobson to win the case, correct? I agree. It's a rational basis. That is all we have to prove. I'm so sorry. But Jacobson won't apply if your position is to concede that the vaccines don't prevent transmission. I mean, and that was it's alleged in the complaint, and this was done on the pleadings, that they don't. And there's a fair amount of science at this point that their ability to prevent transmission is of a very limited window and expires. And yet you're willing to accept someone who had a vaccine two years ago who clearly has no it has no ability to prevent transmission. And yet today this doesn't fit Jacobson and it doesn't seem to make a lot of sense. Well, to be clear, I'm not conceding that vaccines don't help with respect to transmission. And currently today you do have to have had the vaccines in order to be currently working at LA Unified. What's the basis? I mean, I guess the question is, is there any rational basis to say that you had to have the vaccine three years ago now to continue working? Well, first of all, is that the question we're supposed to answer now? Well, I think the real question that you're answering now is to see if there is a rational relationship. And in order to start that, you have to see the fundamental right. And what if what if we're here 20 years, 20 years from now and the L.A.'s, you know, still requiring a whole new generation? The L.A. school districts requiring a whole new generation to get a vaccine. Wouldn't we say, wait, you can't do that. There's no current threat. Your Honor, there is no fundamental right here simply because there you're supposed to allow the state, in this case, the district, and give them the discretion to figure that they knew the different sides of the debate. And that's not that's not my question. What happened in 2020 happened in 2020. Here we have a situation where you're still imposing this requirement. And so, I mean, at some point, the rational basis starts to wane. And I mean, even under rational basis, I think we all agree that rational basis applies here. Well, plaintiff doesn't. But but even assuming rational basis, at some point it starts to wane. And I guess the question is whether you've come outside of Jacobson by prolonging it this long. I don't believe we have, Your Honor, because you have to keep in mind we're dealing with a school, a school with a very, very large population that has impacted a huge population in L.A. County. You have a school. You could make that same argument 20 years from now, five years from now. Well, Your Honor, they're still requiring smallpox vaccines in the school district. I mean, there's a number of vaccines. But I do want to make the point that without agreeing and conceding to it, even if it was a medical treatment, I believe that there's a rational basis with respect to that. Because it suggests that if it's medical treatment, that there is a fundamental right, because it talks about the right recognized in Kruzan and says, given the common law rule that forced medication was a battery and the long legal tradition protecting the decision to refuse unwanted medical treatment, our assumption that it was a fundamental right in Kruzan, our assumption was entirely consistent with this nation's history and constitutional traditions, which is the standard that Dobbs applies for substantive due process. So if you're redefining that's why I think this is so important. If you're saying it's medical treatment, you're out of Jacobson. And it seems to me you're in the Glucksburg fundamental right and it's strict scrutiny. First of all, we're not conceding this medical treatment. But even if we were for purposes of this argument, because it's a school district, it is important that vaccine, even if it was just something that helped with respect to treatment. The reason it's important is because we want the students to be able to go to school and stay in school. So if this treatment is such that it shortens the time that someone is ill. Are the students subject to a vaccine mandate? They were. They're not now. So most of the people in the building are unvaccinated, but this handful of people have to be have to be vaccinated. And that would pass you. Are you claiming that would pass strict scrutiny if we found strict scrutiny were applicable? I don't believe it's strict scrutiny, Your Honor. Bear in mind that many of these students couldn't get vaccinated. They weren't able to do so because of their age and the vaccines that were available. So we're talking about a point in time where the district made the decision that in order to protect the staff, the students and the community at large, they were going to follow the guidance of the government and the CDC and the various local state authorities and decide that vaccines were, in fact, a device to help prevent the spread of this particular disease. OK, again, that's fine in 2020. But what about today? What's the justification for keeping this going? I mean, we've had we've had every other attorney in here saying there's no way we would require vaccines again today. You couldn't get away with it. And you're up here standing here saying, no, this makes this is completely common sense. You know, we could keep doing under your theory, we could keep this in place for the next 20 years. First of all, Your Honor, that's nothing that was briefed. I don't believe it's actually before the court, not certainly suggesting that it goes on forever. But we do know, for example, that there are covid spikes right now. So I can't reveal. Well, you're certainly undermining the mootness argument for every other case that's been out here. The problem I have, and that's why I started with the question I did. There's there's no rational basis for believing that someone who got a two shot sequence in 2021 in March, say of 2021, has any protection against transmission now in September of 2023. There's just seems to me to be irrational. Even the CDC does not claim that a shot sequence two and a half years ago provides immunity against what's circulating today. And so you that person is exempted, even though they have absolutely no. So this just seems completely arbitrary. Well, Your Honor, again, I don't believe that the issue of today, as opposed to what happened previously, is really the issue. Your policy today is a vax mandate that is satisfied by a shot two and a half years ago. That's not rational. Well, in fact, no one that hasn't been vaccinated, not just with respect to covid, but with a list of different immunizations is allowed to come on board. And that's just it's a universal rule. It's applied to everyone. Because the other things like mumps and measles, the vaccines present prevent transmission for extended periods of time. And there's a scientific basis for that. They've alleged that the vaccines don't prevent transmission. The CDC concedes that after a period of time, they don't prevent transmission. And yet you're insisting on it still. Well, Your Honor, we're very concerned about maintaining the health of our staff. And until it's absolutely established that the vaccines have no effect. And the fact that ninety nine percent of or maybe ninety nine point nine percent of government bodies aren't requiring mandates anymore. Is it enough to establish for you? I mean, I'm honestly shocked by your argument. I understand, Your Honor. With respect to what the district is going to do now or what they're considering doing now, there's only so much I can tell you because it's not in record. But with respect to the vaccination requirement, they have felt that until it is established that the vaccine is not of use in any way, that it's important to go ahead and maintain it. And if, in fact, it is a treatment, as has been suggested, there is any ability to keep saying that in order to lift the mandate, which is in effect right now. One would have to establish that the vaccine doesn't work at all. One would have to establish whether there are other means because the test we're dealing on a rational basis has to do with how narrow it is. And so here we would have to see, is the vaccine, in fact, the best tool at any particular time, given the particular ability of the vaccines and the particular variants that exist with respect to COVID. Can you point to any other government body, school board, state, city, fire department, anything that is taking this position? I mean, I didn't understand this going into this case. I'm really floored by this argument. Well, we certainly have the Indiana University-North versus Indiana University case, where they came up with the same decision and decided that there's no fundamental basis to employment. And if you didn't follow the particular rules, and this is decided in July of 2023, that you could go ahead and work somewhere else or go somewhere else. Let me go around this argument just a bit. My colleague, Judge Collins, has pointed to the statement by Judge Fisher in the opinion that it does not matter how effective the vaccine would be. You know what he's referring to. I'm so sorry. Could you repeat that? Okay. The statement apparently in the district court's opinion that the vaccine mandate still in effect would be upheld, even if the vaccine was ineffective completely, to paraphrase. Is it possible, here's my question that I'm getting to, is it possible to affirm the district court and disapprove of that language? Under the rational basis statement, I don't believe there is. I don't believe Jacobson made the type of distinction between treatment and transmission, and it has not been discussed in the cases since then. Where did Judge Fisher come up with this? Do you know? Did the school district argue to Judge Fisher that it's irrelevant whether the vaccine works at all? I don't believe that was briefed, Your Honor. I don't believe that had come up with us. I believe she was strictly following Jacobson, and it's progeny after that. Thank you. Thank you. Thank you. Do you have rebuttal? Yes, just briefly, Your Honors. I appreciate your questions, and I appreciate being given the opportunity to respond to them. I just had a few things I wanted to respond to with respect to what counsel just said. The demonstration that the rule was arbitrary and capricious is partly that it was imposed on people who were not teaching in person. In fact, there was no in-person teaching at the time that the mandate was imposed. So what is the rational basis for having somebody who's not even going to be there get a vaccine that he or she doesn't want? Secondly, You've heard a better argument to support your position than what you just gave, but keep going. Okay. One of the better arguments is what Your Honor said, saying, well, you can make a rule, but if the rule is that you have to wear a blue shirt, then it's not rationally related to the situation and would fall under any of the tiers of scrutiny. So I just wanted to leave it with one thought. Sorry, I have one more thought, and that is if all of the students are unvaccinated and the teachers are required to be vaccinated, where's the rational basis for requiring the teachers to be vaccinated? I don't get that. I don't concede the rational basis is the proper standard. I do believe a balancing test is, but under any standard, an arbitrary and capricious rule should not stand. All we're asking is that we go back to the court and we develop the evidence, we present it to the judge, and we see what she has to say about whether or not we can prove our case. The last thought I just want to leave the court with is, counsel has said that their school districts have a unique duty to students and to the student populations. And I would say that is true. I concede that. It's not, however, superior to the United States Constitution. It's still subordinate. So thank you. Thank you. Thank you to both counsel again. And that concludes our arguments for the day, and the court is in recess for the rest of the day. All rise.
judges: HAWKINS, NELSON, COLLINS